UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GAIL CARTER, ET AL. | CIVIL ACTION |
| VERSUS | NO:     13-5842 |
| GULFSTREAM PROPERTY AND CASUALTY COMPANY, ET AL. | SECTION: "A" (4) |

### ORDER

Before the Court is Defendant, Gulfstream Property and Casualty Insurance Company's ("Gulfstream") **Motion to Compel Responses to Discovery (R. Doc. 14)**, seeking an Order from this Court to compel the sufficiency of discovery responses that were allegedly propounded to Plaintiff, Gail Carter and Clarence Carter ("Plaintiffs") on August 13, 2013. (R. Doc. 14, p. 1.) The motion is opposed. *See* R. Doc. 15. A reply was filed. *See* R. Doc. 17. It was heard by oral argument on May 28, 2014.

### I.     Background

Plaintiffs, Gail Carter and Clarence Carter ("Plaintiffs"), originally instituted this action on April 16, 2013, in the Civil District Court for the Parish of Orleans, for damages allegedly caused to their home by Hurricane Isaac on August 28, 2012. *See e.g.,* R. Doc. 1. On September 16, 2013, their action was removed to this Court pursuant to 28 U.S.C. § 1332. *Id.*

Plaintiffs allege that at all times relevant to the instant action, their property was insured by Gulfstream Property and Casualty Insurance Company's ("Gulfstream") Policy. *Id.* at 2. Plaintiffs allege that following the hurricane, they reported the purported damages to Gulfstream, making a

demand for payment on the policy. *See* R. Doc. 1-2, p. 2. However, Plaintiffs allege that Gulfstream failed to fulfill its obligations to them under their policy, which necessitated the filing of this action.

As to the instant motion, Gulfstream argues that it originally propounded discovery requests to Plaintiffs on August 13, 2013. Gulfstream contends that although Plaintiffs have responded, they have not yet completely supplemented their responses with all the information that was requested, such as the addresses and phone numbers of several fact witnesses who need to be deposed. *See* R. Doc. 14-1, p. 1. On April 17, 2014, during the deposition of one of the plaintiffs, Gail Carter, Gulfstream contends that it was told that much of the missing information it requested was promised to be supplemented shortly thereafter. *Id*. at 3. However, as of yet, these supplemental responses have not been provided to Gulfstream, and thus necessitated the filing of the instant motion to compel.

## II.   Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979).  Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Rule 33 permits a party to propound upon another party up to 25 written interrogatories. *See* Fed. R. Civ. P. 33(a)(1). The responding party must serve its answers and any objections within 30 days after service. Fed. R. Civ. P. 33 (b)(2)(A). If any objections are stated, they must be stated with specificity. *Id.* at (b)(4). Finally, Rule 33(d) provides that if the answer to an interrogatory can be determined by "examining ... (or) compiling a party's business records, and if the burden of … ascertaining such answer is substantially (similar) for either party, the responding party may answer by: specifying in the records… in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." *See* Fed. R. Civ. P. 33(d)(emphasis added).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information ... stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A). This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at 34(b)(1)(A). "The party to whom the request is directed must respond in writing within 30 days after being served." *Id.* at 34(b)(2)(A). "For each item or category, the response must either state that inspection ... will be permitted as requested or state an objection to the request, including the reasons [with specificity]." *Id.* at 34(b)(2)(B). Although Rule 34 does not

3

provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

### III. Analysis

Gulfstream argues that it propounded interrogatories and requests for production of documents on Plaintiffs on August 13, 2013. *See* R. Doc. 14-1 p. 1. Gulfstream argues that although Plaintiffs have provided responses to these requests, some of their responses are incomplete, evasive and fail to provide it with necessary information, including the names and contact information of all the persons and / or entities who performed work on their home. *Id.* at p. 8.

Gulfstream also argues that Plaintiffs' responses fail to provide it with the following information: copies of a notebook which allegedly contained summaries of the expenses Plaintiffs paid for the repairs; receipts for these expenses; proof of payment for repairs to her roof; copies of cancelled checks and/or cash receipts for work; copies of agreements, contracts or payments to contractor George Robinson; a handwritten estimate from Clyde Franklin for his repair work; documents regarding repairs to her refrigerator and air conditioning unit; names of contractors who installed architectural details at the home and paperwork from her home warranty company. *Id.*

In opposition, Plaintiffs argue that they have already responded to Gulfstream's interrogatories and requests for production, and have supplemented their prior responses with further requested documents and contact information for all three expert witnesses in this action. *See* R. Doc. 15, p. 1-2, R. Doc. 15-1, p. 1-16. Plaintiffs also argue that depositions have already been set for witness Karen Owens and George Robinson. *Id.* at p. 2. As such, Plaintiffs argue that Defendant's motion to compel should now be moot.

Gulfstream filed a Reply on May 22, 2014, arguing that although Plaintiffs responded to its

discovery, its motion refers to documents and the contact information of vendors and / or suppliers who have not yet been provided by the plaintiffs, such as the information of Clyde Franklin, an alleged vendor and / or repair man who it has attempted to serve with a subpoena at his place of employment, but has been unable to do so. *See* R. Doc. 17-2, p. 1, 3. Furthermore, Gulfstream contends that it has not been provided with the contact information of Derrick Lewis, a fact witness of Lewis & Young Construction and Engineering, Inc., and Robinson Construction & Engineering.

Gulfstream also contends that it still has not received documents and information which Gail Carter testified she would produce on April 17, 2014, regarding work on the home; repairs; vendors and contractors and copies of other documents not limited to proof of repairs and the cost of those repairs as well as contact details for fact witnesses. *Id.* at 2. Thus, Gulfstream seeks an Order from this Court compelling Plaintiffs to provide the documents and information requested in written discovery and those revealed during the deposition of Carter. *Id.* at 5. During oral argument, counsel for Gulfstream indicated that following discovery requests were at issue:

      **A.**    **Interrogatory Numbers 2 and 4, Request for Production Number 1**

Interrogatory Number 2 sought for the name, employment, address and phone number of all the witnesses known to the Plaintiffs who have knowledge of the facts and circumstances of the incident loss or damages. *See* R. Doc. 14-1, p. 3, 8. Specifically, Gulfstream argues that during the deposition of Gail Carter, she testified that she paid several persons and / or entities for repairs to her home following Hurricane Isaac, such as a roofer named George Robinson, as well as Roy Montrell who allegedly worked on her stucco, a man named Kenny who replaced her french doors, an electrician with a last name of Lee who assessed the electrical damages to her home, an air condition repair person named Hamilton, and a man named Derek Lewis of Lewis & Young

5

Construction. *See* R. Doc. 17-2.

In response, counsel for Plaintiffs confirmed that the repairman contracted to fix their roof was George Robinson, and that his deposition was to be taken on May 28, 2014, but it was postponed due to the hearing on the instant motion to compel. Furthermore, counsel for Plaintiffs argued that he already produced receipts / invoices to Gulfstream as to George Robinson, and Plaintiffs already provided his contact information.

Upon further questioning by the Court, counsel for Plaintiffs contacted George Robinson and determined that he was the general contractor hired to repair the roof, therefore, Plaintiffs request as to George Robinson's contact information is moot. However, Robinson informed counsel for Plaintiffs that he hired subcontractors from a company named He Man Roofing, owned by a man named Pervis Warren, located in Slidell, Louisiana.

Counsel for Plaintiffs also stated that Robinson purchased materials for the project from a company named Pro Roofing Products, but that at this time Robinson had not yet found the documentation and receipts surrounding that purchase. Counsel for Plaintiffs also indicated that the electrician named "Lee" was someone brought by Robinson to look into the alleged electrical damage to the home, and that he provided Plaintiffs with a verbal estimate of the damages and purported causes thereof. Counsel for Plaintiffs indicated that he did not have the information for Lee and Pro Roofing Products at this time, but that Plaintiffs would formally supplement their responses to interrogatories 2, 4, and request for production 4 when the information became available. As such, the Court finds that Gulfstream's request is **GRANTED IN PART** as to the contact information of He Man Roofing, Pro Roofing Products and Lee, which was not yet produced by the plaintiffs. Plaintiffs must formally supplement this request **no later than June 4, 2014.**

Also, Gulfstream argues that Kathy Owens, the interior decorator of the house's contact information was not accurate, as the private process server's attempt to serve a subpoena on Owens was futile. Plaintiffs however, responded that Owens is scheduled to attend the deposition which Gulfstream previously noticed. As such, the Court found that Gulfstream's request as to Owens is **DENIED AS MOOT**.

Gulfstream also argues that Plaintiffs submitted proof of loss receipts on behalf of Derek Lewis, of Lewis & Young Construction and Engineering Inc. However, Gulfstream argues that when it has attempted to serve Lewis with a subpoena for his deposition as well as for records, Lewis is never able to be served. As such, Gulfstream seeks for Lewis's accurate contact information in response to this interrogatory as well as in conjunction with Interrogatory number 4, and Request for Production number 4 which sought for all documents related to the Plaintiffs' claim of loss or damages, including the contracts, agreements, receipts, invoices, proof of payment, bids or estimates has not been submitted thereon. *See* R. Doc. 14-1, p. 4.

Upon request of the Court, counsel for Plaintiffs contacted George Robinson for the information of Derrick Lewis. After speaking with Robinson, counsel for Plaintiffs stated to the Court that the contact information for Lewis is 3832 Redbud Lane, Harvey, Louisiana 70058. As such, Gulfstream's request as to the information of Lewis is now **MOOT**.

### B.      Interrogatory Number 3 and Request for Production Number 1

Gulfstream also argued that Plaintiffs' response to Interrogatory number 3, which seeks the name, address and contact information regarding expert witnesses or consultants, contractors, subcontractors, vendors or suppliers who made repairs to Plaintiffs' home, and Request for Production number 1, which seeks the documentation thereof, also needs supplementation. *See* R.

Doc. 14-1, p. 3.

Specifically, Gulfstream argues that it has not been provided with information as to a man named Kenny for the repair work he performed on Plaintiffs' home, in the amount of $8,000; as to repairs made to Plaintiffs' front door by a woman named June, in the amount of $800.00; as to repairs made to the stucco of her home named Roy Montrell, in an undeterminable amount, because the work allegedly remains ongoing; as to air condition repairs made by David Hamilton and Comfort Air, in an undeterminable amount; as to DAS Lifts, an elevator repair company; and an invoice for some alleged repairs made to the Plaintiffs' refrigerator.

In response, Plaintiffs argued that they have already produced check receipts to Gulfstream. However, upon further questioning from the Court, counsel for the Plaintiffs stated that they had not yet produced the receipts paid to Kenny or June. Counsel for Plaintiffs also represented that although his clients had proof of approximately $4,000.00 in stucco work she paid to Montrell, those receipts had not yet been produced to Gulfstream.

As to the refrigerator repairs, counsel for Plaintiffs indicated that the refrigerator was repaired using the manufacturer's warranty and therefore plaintiffs have no receipts at this time. As to the air condition and electrical repairs, counsel for the Plaintiffs indicated that the warranty on the air conditioner cannot be used to repair the problem because there is an electrical problem which Plaintiffs must first repair, which has not been completed due to the cost. As such, the Court ordered Plaintiffs to supplement their response to Interrogatory Number 3 and Request for Production Number 1, as to the receipts for the repairs made by Kenny, June and Montrell.

**IV.     Conclusion**

**IT IS ORDERED** that Defendant, Gulfstream Property Casualty and Insurance Company's

**Motion to Compel Discovery (R. Doc. 14) is GRANTED IN PART** and **DENIED AS MOOT IN PART** as set forth in detail above. Plaintiffs must supplement their discovery responses to the Defendant, Gulfstream, **no later than** by **June 4, 2014**.

New Orleans, Louisiana, this 16th day of June 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**